■ Lazard Freres & Co. LLC, Respondent, v West*Group Properties LLC et al., Appellants. [769 NYS2d 896]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 5, 2003, which, inter alia, denied defendants' motions to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

The motion court correctly found long-arm jurisdiction (CPLR 302 [a] [1]) as against all defendants based on CGR Advisors' meeting with the New York-based plaintiff in New York at which the marketing of CGR's option to purchase the Rolim defendants' interests in the West*Group defendants was discussed;

the positions of CGR's principals as either officers of the Rolim defendants and/or representatives of its interests on the boards of the West*Group defendants (*cf. Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 473 [1988]); the economic interest of all defendants in plaintiff's successful marketing of the option; the West*Group defendants' meetings in New York for the purpose of marketing the option; and the many telephone and facsimile communications and document transfers between defendants and the New York plaintiff (*see Parke-Bernet Galleries v Franklyn*, 26 NY2d 13 [1970]). We also note the New York choice-of-law clause in the contract between plaintiff and the West*Group defendants (*see Agency Rent A Car Sys., Inc. v Grand Rent A Car Corp.*, 98 F3d 25, 29 [1996]). We have considered defendants' other arguments and find them unavailing. Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.